[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant, the state of Ohio, appeals the judgment of the Hamilton County Court of Common Pleas granting the motion to suppress filed by defendant-appellee, Uriah Israel, in a prosecution for possession of cocaine. For the following reasons, we affirm the trial court's judgment.
 {¶ 3} Israel was indicted for possessing cocaine in violation of R.C. 2925.11(A). He filed a motion to suppress evidence, and a hearing was conducted before the trial court. At the hearing, the state presented evidence that, at approximately 7:40 p.m. on January 3, 2001, two Cincinnati police officers were on routine patrol on a street that they characterized as a high-crime or high-drug area. They saw Israel seated in a parked car. The officers testified that they did not suspect criminal activity but that they wished to determine whether Israel needed assistance.
 {¶ 4} One of the officers approached the car and asked Israel if he needed assistance. Israel replied that he did not, and the officer then asked several questions concerning why Israel was in the area. The officer testified that, as they were talking, Israel appeared to conceal a cellophane wrapper in the seat of the car. The officer stated that he later received consent to search the car and recovered a quantity of crack cocaine.
 {¶ 5} Israel testified that he was waiting for a friend when the officers approached him. He stated that the officers did not offer assistance but merely questioned him about his presence at the location. He testified that the officers took possession of his operator's license and that, after they had possession of his license for a brief period, they told him that they wanted to search his vehicle. Israel denied having concealed anything in the car's seats while speaking with the police and testified that he did not give his consent to search the car.
 {¶ 6} At the close of all the evidence, the trial court granted the motion to suppress. In a single assignment of error, the state now argues that the trial court erred in granting the motion.
 {¶ 7} Appellate review of a trial court's decision regarding a motion to suppress presents mixed questions of law and fact.[1] The evaluation of evidence and the credibility of witnesses are issues to be determined by the trial court, and factual findings will not be disturbed unless they are "clearly erroneous."[2] But the appellate court reviews de novo the issue of whether the historical facts, viewed from the standpoint of a reasonable officer, legally justified the detention.[3]
 {¶ 8} A police officer is permitted to approach a stopped vehicle to determine if the occupants are in need of assistance.[4] Such a "consensual encounter" does not implicate an occupant's Fourth Amendment rights.[5] But to detain the occupant, the officer must demonstrate specific and articulable facts that, when considered with the rational inferences to be drawn therefrom, would justify a reasonable suspicion that the person detained is engaging in criminal activity.[6]
 {¶ 9} In the case at bar, the trial court made the explicit factual finding that Israel had not engaged in any activity during the consensual encounter that would have warranted further detention or investigation, including the request to search Israel's vehicle. Given the evidence adduced at the hearing on the motion, we cannot say that the trial court's factual determination was clearly erroneous. Therefore, we reject the state's contention that the consensual encounter "ripened" into a Terry stop that ultimately led to probable cause for an arrest. The state's assignment of error is accordingly overruled, and the judgment of the trial court is affirmed.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] State v. McNamara (1997), 124 Ohio App.3d 706, 710,707 N.E.2d 539.
[2] State v. Smith, 80 Ohio St.3d 89, 105, 1997-Ohio-355, 684 N.E.2d 668;State v. Long (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1.
[3] Ornelas v. United States (1996), 517 U.S. 690, 696-697,116 S.Ct. 1657.
[4] See State v. Gaus (Mar. 21, 2001), 4th Dist. No. 00CA2546.
[5] Id.
[6] Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868; State v. Williams
(1990), 51 Ohio St.3d 58, 60-61, 554 N.E.2d 108.